UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:

ENERGETX COMPOSITES, LLC,

    Debtor.

_____/ /

Case No.: 15-01016
Chapter 7 – Filed: 02/26/2015

## MOTION FOR SALE OF PERSONAL PROPERTY

**NOW COMES** Thomas C. Richardson, Interim Trustee ("Trustee"), by and through his attorneys, Rayman & Knight, and for his Motion for Sale of Personal Property ("Motion"), hereby say as follows:

### JURISDICTION

1. That jurisdiction over this case and proceeding exist in this Court under 28 U.S.C. §1334(a) and (b) and by reference from the District Court in accordance with 28 U.S.C. §157(a). Determination of this Motion is a core proceeding, as defined in 28 U.S.C. §157(b), arising under the United States Bankruptcy Code (11 U.S.C. §101 *et seq.*, "Bankruptcy Code"). Venue of this Motion is properly placed in this Court pursuant to 28 U.S.C. §1409(a).

### BACKGROUND

2. On February 26, 2015 ("Petition Date") Energetx Composites, LLC ("Energetx") filed for relief under Chapter 7 of the Bankruptcy Code.

3. The Trustee is the duly appointed and acting Interim Chapter 7 Trustee in this proceeding.

4. Prior to the bankruptcy, Energetx had a business relationship with Northern Power Systems, Inc. ("Northern") which in the most basic terms required Energetx to produce and Northern to purchase certain 11.6 meter wind turbine blades ("Blades"). At some point in

time, Northern also entered into agreements with Energetx to lease or sub-lease a portion of a manufacturing facility ("Blade Production Space") located at 725 E. 40th Street in Holland, Michigan ("Facility"). Northern and Energetx also agreed that Northern could use Energetx equipment and certain employees to produce the Blades. The Facility is primarily occupied by S2 Yachts and Tiara Yachts and owned by a related entity ("Land Owner"). Despite Energetx's bankruptcy, Northern is still in need of the Blade Production Space to produce the Blades. Energetx's two primary secured creditors are purported to be NCTI – EC, LLC ("NCTI") and Robert L. Slikkers ("Mr. Slikkers") (collectively, "Secured Creditors").

5. The Debtor owns certain equipment and tools which Northern could use to continue to produce its Blades.

6. Northern has made an offer of $82,500.00 to purchase the equipment and intellectual property listed on the attached offer which Northern can utilize in the manufacturing of the Blades ("Blade Equipment"). (See, Exhibit "A"). The Secured Creditors have consented to the sale and have agreed to allow the estate to retain $7,500.00 as a carve-out for the estate ("Carve-Out"). The offer is contingent upon a closing on or before March 13, 2015.

**RELIEF REQUESTED:**

7. This Motion seeks to sell the Blade Equipment to Northern pursuant to 11 U.S.C. § 363(b) & (f).

8. The Trustee requests that this Court enter an Order which:

    a. Approves a sale, pursuant to §363(b)&(f) of the Bankruptcy Code, of the Blade Equipment;

    b. Waives the 14 day stay contained in Fed. R. Bankr. P. 6004;

    c. Provides that all liens, claims or encumbrances in the property to be sold, shall attach to sale proceeds in the same rank and priority; and

        d.      Approves the Trustee's "Carve-Out" agreement as defined further herein.

9. Your Trustee believes that the sale of the Blade Equipment, pursuant to the terms herein, is in the best interests of the estate and its creditors.

10. Due to the time constraints, and the immediate need to use the assets being sold the Trustee has also filed a motion with the Court to expedite a hearing on this Motion.

## ARGUMENT AND AUTHORITY

11. This Motion is related to the Motion for Relief from Stay filed by Northern on an emergency basis which was granted on March 5, 2015.

12. Northern is in need of the Blade Equipment as soon as possible and, if it is unable to obtain the same from the Debtor, it will have to purchase it elsewhere. If there is a delay, the Trustee, after consultation with Debtor's management and the Debtor's secured creditors, believes that the value of the Blade Equipment will be significantly less if sold on the open-market.

13. The Trustee seeks approval of the sale of the Blade Equipment, pursuant to 11 U.S.C. § 363(b), which provides in relevant part that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

14. This Court has discretion to determine whether a sale of assets should be approved. *See, In re Embrace Systems Corp.,* 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995).

15. In determining whether a sale of assets outside the ordinary course of business should be approved pursuant to 11 U.S.C. § 363(b), the Trustee has the burden of establishing that a valid business purpose exists. *See, In re Lionel Corp.,* 722 F.2d 1063, 1070-71 (2d Cir. 1983); *see also, In re Stephens Industry, Inc. v. McClung,* 789 F.2d 386 (6th Cir. 1986).

16. Once a valid business purpose has been articulated, however, a presumption arises that the trustee's decision to sell the assets was made on an informed basis, in good faith and in the honest belief the action was in the best interest of the estate. *See, In re Integrated Resources, Inc.,* 147 B.R. 650, at 656 (S.D.N.Y. 1992); *In re S.N.A. Nut Company,* 186 B.R. 98 (Bankr. N.D. Ill. 1995) (the business judgment rule is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interest of the company).

17. The Blade Equipment has its highest and best value to Northern, but only if it is sold quickly to Northern so it may utilize it in the production of the Blades.

18. A valid business purposes exists and the sale of the Blade Equipment to Northern should be approved, pursuant to 11 U.S.C. § 363(b).

19. The Secured Creditors are the only parties which may claim a lien in the Blade Equipment.

20. The sale of the Blade Equipment should be deemed free and clear of liens pursuant to 11 U.S.C. §363(f)(2) as the Secured Creditors consent to the sale of the Blade Equipment.

21. To the extent there are other creditors which may claim a lien in the Blade Equipment, the Trustee may sell the property free and clear of their liens for the following reasons:

   a. Although there are no known personal property tax liens on the Blade Equipment, to the extent any exists, the sale price is sufficient to pay these claims in full. As such, the Trustee may sell the Blade Equipment free and clear of such interests pursuant to 11 U.S.C. § 363(f)(1).

   b. To the extent any purported lien holders do not object to the sale, each has been deemed to have consented to the sale. *See, FutureSource LLC v. Reuters Ltd.,* C.A.7 (Ill.) 2002, 312 F.3d 281, certiorari denied 123 S.Ct. 1769, 538 U.S. 962, 155 L.Ed.2d 513;

      *see also*, *Veltman v. Whetzal*, 93 F.3d 517, 520 (8th Cir.1996); contra, *see In re Roberts*, 249 B.R. 152, 154-57 (Bankr.W.D.Mich.2000). As such, the Trustee may sell the Blade Equipment, pursuant to 11 U.S.C. § 363(f)(2).

  c. Pursuant to 11 U.S.C. § 506(a), the value of a creditor's liens is limited to the value of its collateral. As the value of the collateral will be determined by the sale, the Trustee may sell the Blade Equipment, pursuant to 11 U.S.C. § 363(f)(3). (*See generally*, *In re Becker Indus., Inc.*, 63 B.R. 474 (Bankr. S.D.N.Y. 1986) and *In re Terrance Gardens park P'ship*, 96 B.R. 707 (Bankr. W.D. Tex. 1989).

  d. As any other lien holder's claim is not of public record, their lien would be subject to *bona fide* dispute. As such, the Blade Equipment may be sold free and clear of liens pursuant to 11 U.S.C. § 363(f)(4).

  e. Creditors with liens in the Blade Equipment could be compelled to accept a money satisfaction of their lien rights, such as Chapter 11 Proceeding. As such, the Trustee may sell the Debtor's Blade Equipment, pursuant to 11 U.S.C. § 363(f)(5).

22. The sale of the Blade Equipment to Northern, should be sold free and clear of liens pursuant to 11 U.S.C. § 363(f)(1)(2)(3)(4) & (5).

23. The Trustee submits that the sale of the Blade Equipment to Northern, subject to the terms of this Motion, including, but not limited to, the Carve Out, is in the best interests of the estate and its creditors.

**WHEREFORE**, your Trustee prays:

  A. That this Court enter an Order authorizing the sale of the Blade Equipment on the terms and conditions set forth herein, pursuant to 11 U.S.C. § 363(b).

  B. That the Court enter an Order authorizing the sale of the Blade Equipment be free and clear of liens pursuant to 11 U.S.C. §363(f) with all liens attaching to proceeds in the same rank, validity and priority that existed as of the Petition Date.

  C. That the Trustee be authorized to execute a Trustee's Bill of Sale in conformance

with the terms herein and such other documents as may be reasonably necessary.

  D. That the Trustee be authorized to pay all applicable personal property taxes without further order of this Court.

  E. Approve the Carve Out agreement of $7,500.00 described in the Motion.

  F. That this Court waive the provisions of Federal Rules of Bankruptcy Rule 6004(h).

  G. That this Court order such other relief as it finds just and equitable.

                **RAYMAN & KNIGHT**
                Attorneys for Trustee

Dated: March 6, 2015    By: _____
                Cody H. Knight (P64811)

BUSINESS ADDRESS:
141 E. Michigan Avenue, Suite 301
Kalamazoo, MI 49007
Telephone: (269) 345-5156

**Cody Knight**

| | |
|---|---|
| **From:** | Harold E. Nelson [henelson@rhoadesmckee.com] |
| **Sent:** | Friday, March 06, 2015 11:14 AM |
| **To:** | Cody Knight |
| **Cc:** | Elliot Mark (emark@northernpower.com); Hirschfeld, Tom (thirschfeld@northernpower.com); Paul A. McCarthy |
| **Subject:** | Energetx--363 Sale |
| **Attachments:** | Asset List for 363 Sale-3.6.15.pdf |

Cody,

This is to confirm that Northern Power Systems, Inc. offers to purchase those assets of the above referenced Debtor listed on the attached schedule, in a Court approved sale under §363 of the Bankruptcy Code, free and clear of any lien, claim or interest for a total purchase, payable in cash at closing, of $82,500. This offer is conditional on a closing of the sale no later than March 13, 2005.


Harold Nelson



Tel:   616.233.5223
Fax:   616.233.5269
Email: henelson@rhoadesmckee.com

55 Campau Avenue NW, Suite 300
Grand Rapids, Michigan  49503
rhoadesmckee.com

  

---

CONFIDENTIALITY NOTICE: This message and any attachment contain attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this message in error, please notify us immediately by return email and delete this message and any attachment from your system.

DISCLOSURE UNDER TREASURY CIRCULAR 230: To ensure compliance with requirements imposed by the IRS, we inform you that, unless specifically indicated otherwise, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

1

EXHIBIT A



## Energetx Composites Equipment

| ITEM | Qty Avail. | Unit Cost | Total |
|---|---|---|---|
| Swedish Heaters | 2 | $ 8,125 | $ 16,250 |
| Fostoria Heaters (yellow) | 2 | $ 1,350 | $ 2,700 |
| Vulcan Heaters (roots) | 4 | $ 900 | $ 3,600 |
| Fostoria Heat Lamps - Tube Type | 4 | $ 225 | $ 900 |
| Power Blanket Heat Blankets - Long | 3 | $ 1,175 | $ 3,525 |
| Power Blanket Heat Blankets - Short | 2 | $ 1,076 | $ 2,152 |
| Lg Ratchet and Torque Amplifier | 1 | $ 800 | $ 800 |
| W-B Scales | 1 | $ 2,255 | $ 2,255 |
| Frequency Test Equipment | 1 | $ 5,000 | $ 5,000 |
| Spreader Lift Beams | 2 | $ 1,900 | $ 3,800 |
| Hook Scale - 10,000 lb cap. | 1 | $ 1,950 | $ 1,950 |
| Slings for Rotating | 2 | $ 75 | $ 150 |
| Test Brick Bolts | included | $ - | $ - |
| Paint Cart Bolts | included | $ - | $ - |
| Paint Carts | 7 | $ 1,600 | $ 11,200 |
| Grind Carts | 10 | $ 600 | $ 6,000 |
| Post Cure Carts - Single Blade | 2 | $ 2,813 | $ 5,625 |
| Post Cure Carts - 3 Blade | 1 | $ 1,250 | $ 1,250 |
| Test Brick Top Frame and Plate | 1 | $ 2,500 | $ 2,500 |
| SW Gantry | 1 | $ 4,195 | $ 4,195 |
| Paste Injection Bolts,($10.50 machining + $2.60 bolt cost) | 60 | $ 13 | $ 786 |
| Paste Ring | 2 | $ 100 | $ 200 |
| Stud Station Blade Stands (cost per set) | 2 | $ 4,150 | $ 8,300 |
| W&B Root Plate | 1 | $ 38 | $ 38 |
| Stud Insert Pull Test Fixture | 1 | $ 63 | $ 63 |
| Coplanarity Installation Cart | 1 | $ 500 | $ 500 |
| Root Stud Installation Fixture - Upper only | 2 | $ 3,250 | $ 6,500 |
| Proof Testing Fixtures (Holds wooden bunks) | 1 | $ 250 | $ 250 |
| Root End "C" Clamp for PS Mold | 3 | $ 75 | $ 225 |
|  |  |  | $ 90,713 |
|  |  | 20% Discount: | $72,570 |

Note: 1 - Shear web locating fixtue provided as part of production start-up. The other is provided in pu[rchase abo...]
Note: 1 - Swedish Heater is provided with each set of shells per supply and tooling agreements.
Note: Other molding tools (non-shell tools) didn't include any provision for heat in quote, contract, and [...]
Note: Included remaining heaters [...]



## Breakdown of Prodution Start-up Costs (As alleged by NPS)

| ITEM | Qty Avail. | Unit Cost | Total |
|---|---|---|---|
| Root Slicer | 1 | $ 1,663 | $ 1,663 |
| SW locating and bonding fixture | 1 | $ 4,195 | $ 4,195 |
| KMT holding fixture & programming | 1 | $ 18,490 | $ 18,490 |
| Eastman glass patterns and nesting | 1 | $ 6,728 | $ 6,728 |
| Process engineering (PFMEA, QR, WI) | 1 | $ 14,974 | $ 14,974 |
| Shipping Cost - Masters | 1 | $ 3,141 | $ 3,141 |
| Project engineering and management | 1 | $ 26,952 | $ 26,952 |
| | | | $ 76,143 |
| | | | $25,000 |

Equipment: $72,570
Mfg Docs:  $25,000
Total:     $97,570

The Eastman glass patterns and nesting, and process engineering documents which include the PFMEA, QR, and WI's as outlined in Exhibit C, Energetx Composotes is requesting $103,670.